**Charles PINO, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**Louis PINO, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**Nos. 19979, 19980.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 30, 1966.

Decided Dec. 2, 1966.

Petition for Rehearing En Banc
Denied Jan. 13, 1967.

Mr. David C. Niblack, Washington, D. C. (appointed by this court), for appellant in No. 19,979.

Mr. Julius Schlezinger, Washington, D. C. (appointed by this court), for appellant in No. 19,980.

Mr. Theodore Wieseman, Asst. U. S. Atty., for appellee. Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., and Dean W. Determan, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee.

Before BURGER, McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

These consolidated appeals bring to us the convictions of two brothers for assaulting a policeman. The jury appears to have been fully warranted in finding guilt from the evidence; and the other errors pressed upon us are largely raised here for the first time. We find no occasion for reversal.

One of the points first advanced here is a challenge to the adequacy of the indictment; and that, of course, stirs jurisdictional issues which arguably are never in complete repose. The objections to the indictment common to both appellants need not detain us,[1] but

---

1. Charles Pino argues that the indictment fails because it includes no reference to intent. But assault is a so-called "general intent" crime (see Parker v. United States, 123 U.S.App.D.C. 343, 359 F.2d 1009 (1966)); and in such case no par-

an argument available only to appellant Louis Pino merits some comment. Its resolution is not made easier by the wholly gratuitous nature of its presence in the case.

The indictment as handed down contained two counts, as set forth in the margin.[2] No objections to this indictment were raised by pre-trial motion, as contemplated by Rule 12(b) (2), FED.R. CRIM.P. After the trial had started, counsel for Louis Pino suggested that the two counts were redundant. The judge thereupon dismissed the second count as superfluous, reasoning that, because 22 D.C.Code § 105 renders aiding and abetting tantamount to being a principal, Louis Pino could be taken to be charged as a principal in the first count. Louis Pino's counsel professed no dissatisfaction with the indictment so reduced to one count; and the trial proceeded to its conclusion without further reference to the matter. On appeal it is claimed that the court was without jurisdiction to try Louis Pino because, by reference to the words used and their arrangement, only Charles is *charged* with the crime.

The Government now professes to some regret about the trial court's action in striking the second count, although it stood silent at the time it was done. It ruefully volunteers the thought that, if some indictment language was to be eliminated as surplusage, this might more usefully have been the aiding and abetting clauses in each count rather than one of the counts in its entirety. It is by no means clear that this alternative was legally available; what does seem clear is that indictments should not be prepared in this fashion in the first instance or that, at the least, their authors should be alert to preserve their integrity in terms of the theory on which they were first prepared. Appellant litigation today has little need of interesting, albeit wholly unnecessary, issues.

█ █ We do not, at all events, conclude that reversal is compelled for appellant Louis Pino. His argument is that, as a matter of the use and understanding of language, only Charles Pino is "charged" with a crime in count one. Any substance this claim may have is to be found in the niceties of grammar and

ticularized reference to intent is required. Braswell v. United States, 224 F.2d 706, 709 (10th Cir. 1955), cert. denied, 350 U.S. 845, 76 S.Ct. 86, 100 L.Ed. 752. Moreover, when the crime is, as here, defined by statute without reference to intent, the indictment need not allege it. United States v. Behrman, 258 U.S. 280, 288, 42 S.Ct. 303, 304, 66 L.Ed. 619, 621 (1922).

It is also claimed by both appellants that the use in the indictment of the conjunctive "and," instead of the statutory disjunctive "or," in the enumeration ("did assault, resist, oppose, impede, intimidate *and* interfere") somehow infects the indictment to the injury of the accused. Counsel for Charles Pino appears to have objected to the indictment for this reason during the trial, but this objection was not articulated in any detail and was clearly untimely under Rule 12(b) (2), FED.R.CRIM.P. See Joyner v. United States, 116 U.S.App.D.C. 76, 320 F.2d 798 (1963). Even where this attack has been made before trial in terms of duplicity, the indictment has been held by us not to be legally defective, as distinct from its seeming undesirability as a prac-

tical matter. Morrison v. United States, 124 U.S.App.D.C. 330, 365 F.2d 521 (1966). We have, in the context of an attack upon the trial court's instructions, referred to this use of the conjunctive in the indictment as confusing. See Jackson v. United States, 121 U.S.App.D.C. 160, 348 F.2d 772 (1965). This unaccountable practice in writing indictments appears, in the confusion it creates, to be contrary to the interests of all parties, including the prosecution.

2. Count One: On or about September 11, 1965, within the District of Columbia, Charles Pino, aided and abetted by Louis Pino, without justifiable and excusable cause, did assault, resist, oppose, impede, intimidate and interfere with Charles R. Riker, knowing him to be a member of the Metropolitan Police Department operating in the District of Columbia, while the same Charles R. Riker was engaged in the performance of his official duties.

Count Two: On or about September 11, 1965, within the District of Columbia, Louis Pino, aided and abetted by Charles Pino, * * * (same as first count).

syntax, and not in the objects and purposes of indictments, which in essence are to apprise a person of the wrong for which he is to be tried and thereby to enable him to defend against it. Although technicalities are, and rightly so, less alien to the law of indictments than elsewhere, we do not believe they require a reading of the first count of this indictment which would destroy the court's jurisdiction.[3]

Affirmed.

See also D.C.Cir., 365 F.2d 956.

---

3. Although the circumstance is not conclusive where jurisdiction itself is involved, we note that our interpretation of the scope of the charging language appears to be the same as that held by Louis Pino at the trial. It was his counsel who suggested the *redundancy* of two counts; and this, by definition, could only mean that one was read as accomplishing the charging purposes sought to be effected by two.