**Russell C. THOMPSON, Leona C. Gauthier and John W. Hewatt, Jr., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 41120.**

Court of Criminal Appeals of Texas.

March 20, 1968.

Rehearing Denied April 24, 1968.

Percy Foreman, Luther E. Jones, Jr., Corpus Christi, for defendants Thompson and Gauthier.

Carol S. Vance, Dist. Atty., James C. Brough and Ted Hirtz, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The appellants were found guilty of aggravated assault on a peace officer. Thompson was fined $500.00, and Gauthier was assessed a punishment of 30 days in jail and a fine of $1,000.00. Appellant Hewatt filed a motion to dismiss his appeal, and the same is granted.

Appellants Thompson and Gauthier designate two "appellate points" which we shall

consider as grounds of error. Their first is that the information[1] is insufficient, because it fails to contain two essential elements of the offense, to-wit: that appellants did use unlawful violence on the officer alleged to have been assaulted, and that appellants had an intent to injure the officer. Even though no motion to quash the information was filed, and even though they concede that the information is sufficient under Texas statutory procedure, they insist that it is insufficient under certain holdings of the Supreme Court of the United States. Reliance is had upon certain statements found in their opinions in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L. Ed. 92; United States v. Cook, 84 U.S. (17 Wall.) 168, 21 L.Ed. 538; In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682; Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1; and Washington v. State of Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019.

The State in opposition to such contention points to Portnoy v. United States, 1 Cir., 316 F.2d 486, cert. den. 375 U.S. 815, 84 S.Ct. 48, 11 L.Ed.2d 50, and Pino v. United States, C.A.D.C., 370 F.2d 247, cert. den. 387 U.S. 922, 87 S.Ct. 2038, 18 L.Ed. 2d 977.

■ We conclude that the authorities relied upon by appellants are not here controlling and that the information is sufficient to properly inform the accuseds of the accusation against them.

Appellants' ground of error No. 1 is overruled.

■ Their second ground of error is that there is no evidence that Detective Wood was in the lawful discharge of his duties as a peace officer of the City of Houston at the time he was assaulted. Detective Wood of the Burglary and Theft Division of the Houston Police testified that he secured his apartment free by acting as a Security Officer at the apartment complex, and that at approximately 2:00 a. m. on the night in question he was called and instructed to go to Apartment 126 to quiet some people who were making excessive noise therein. He stated that as he approached the apartment he heard singing, music and loud voices, and that he knocked on the door, was admitted and asked who had the apartment in question under rent. One man identified himself as the occupant, and Wood identified himself as a City of Houston Detective and instructed him to break up the party. According to his testimony, one of the appellants asked to see his credentials and then passed them to the other appellants, who inspected the same before returning the identification folder with his picture to him.

It was after this that each of the appellants struck him, forcing him down a flight of stairs and causing bruises upon his body. A police wagon arrived, and the appellants were carried to jail. A number of other persons were at the party, but they were not arrested. His testimony as to the assault was corroborated by his son and other witnesses.

The jury chose to believe Wood's testimony and disbelieve the testimony of appel-

1. Omitting the formal parts, the information reads as follows: "(T)hat * * * RUSSELL C. THOMPSON and LEONA C. GAUTHIER heretofore on or about the 12th day of February, A.D., 1967, in said County of Harris and State of Texas, did then and there make an aggravated assault in and upon Ralph Wood being then and there a peace officer, to-wit, a police officer of the incorporated city of Houston, Texas, there situate, the said officer being then and there in the lawful discharge of the duties of his office as such officer, which fact was then and there well known to said * * * RUSSELL C. THOMPSON and LEONA C. GAUTHIER."
The information is in substantial compliance with the form set out in Willson's Criminal Forms, Section 1471.

lants and the other members of the party who testified that Wood only showed the apartment occupant a card indicating that he was a security guard and failed to make his identity as a peace officer known to them. This the jury had a right to do.

The judgments of conviction of appellants Thompson and Gauthier are affirmed.