**Kelly Ray HUGHES and Jackie Clifton, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41857.**

Court of Criminal Appeals of Texas.

March 12, 1969.

Kahn & Ortego by Leonard C. Kahn, Houston, for appellants.

Carol S. Vance, Dist. Atty., James C. Brough and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is aggravated assault upon a peace officer; the punishment, assessed by the court after a jury verdict of guilty, 6 months' confinement in the county jail for the appellant Hughes and 15 months' confinement in the county jail for the appellant Clifton.

In their first ground of error appellants contend the trial court erred in refusing to grant their motion for instructed verdicts of not guilty "for the reason that appellants were not aware, and could not have been aware, of the identity of Officer Stark as vice squad officer."

The State's evidence reflects that near midnight on June 15, 1967, the complaining witness S. O. Stark, a City of Houston police officer, and five other officers of that department's vice squad, dressed in mufti, went to the Suburban Lounge in the City of Houston on what was described as a routine investigation. They were accompanied by a Ronnie Weedon, a lounge or bar owner. At or near closing time Stark and other officers asked an individual described as "a pimp and narcotic addict" to step outside. While talking to such individual outside a fight or scuffle broke out between Weedon and another man. When Stark attempted to intervene the appellant Clifton opened the lounge door and stated "He is not bothering anybody why don't you leave him alone." At this time Stark held out his police identification folder and told the appellant Clifton he was a police officer.

At this juncture someone shoved Officer Stark and then Clifton struck him across the face with a beer bottle shattering it. Stark fell stunned across the hood of a car with two persons on top of him. Other officers came to his aid. A fight, lasting some ten minutes, then ensued between the officers and a number of persons present.

During the altercation while Stark was struggling with someone else the appellant Hughes ran at him with a tire tool in his hand. Stark, having lost his identification folder in the melee, called to Hughes and identified himself as an officer and at the same time pulled his pistol. Hughes dropped the tire tool and ran. As Stark then attempted to assist another officer in stopping him, Hughes hit and then kneed Stark in the groin.

Testifying, each appellant denied striking or assaulting Officer Stark and related a somewhat different version of the events. They recounted the physical injuries they each suffered as a result of the altercation and called other witnesses to support their version of the facts.

Appellant Clifton, who had been previously convicted of a felony, denied Stark ever identified himself as an officer. Appellant Hughes stated he picked up the tire tool only in self defense after he had been attacked by parties unknown to him;

that he had gone in search of his missing watch when Stark identified himself as a Houston police officer, pulled a pistol and told him to drop the tire tool which he did; that he was not sure Stark was an officer and ran because he was afraid of being killed.

▄ Under the evidence presented and the fact issue raised, the trial court did not err in overruling the motion for instructed verdicts.

The court subsequently charged the jury to acquit if they found or had a reasonable doubt that the appellants were unaware of Stark's status at the time of the assault, if any.

By their verdict the jury chose to believe the State's version and disbelieve the testimony of the appellants. This the jury had a right to do. Thompson v. State, Tex. Cr.App., 426 S.W.2d 242.

Ground of error #1 is overruled.

Next appellants complain of a prejudicial comment by the assistant district attorney. After direct examination of the defense witness, Frank Rivers, the prosecuting attorney, said: "This man's testimony is unworthy of cross-examination. I have no questions."

The court denied appellants' motion for a mistrial, but admonished State's counsel who immediately apologized, and then the jury was promptly instructed to disregard the remark.

▄ The State concedes the statement was "unwisely made" but contends that under circumstances presented and prompt action of the court, no reversible error is shown. We agree.

Ground of error #2 is overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.