**UNITED STATES of America,**
**Appellee,**

v.

**CHO PO SUN, Appellant.**

**No. 354, Docket 32337.**

United States Court of Appeals
Second Circuit.

Argued Feb. 6, 1969.

Decided March 26, 1969.

Phylis Skloct Bamberger, New York City (Anthony F. Marra, The Legal Aid Society, New York City, on brief), for appellant.

William J. Gilbreth, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., and Douglas S. Liebhafsky, Asst. U. S. Atty., Southern District of New York, on brief), for appellee.

Before ANDERSON and FEINBERG, Circuit Judges, and MANSFIELD, District Judge.*

MANSFIELD, District Judge:

After trial before Judge Frankel, sitting without a jury, appellant was found guilty of assaulting and interfering with a Federal Immigration Officer in violation of Title 18, U.S.Code, § 111.[1] Upon this appeal appellant contends for the first time that the Government failed to establish that at the time of the assault the officer assaulted was "engaged in * * * the performance of his official duties" as outlined in Title 8, U.S.Code, § 1357.[2] We reject that contention and affirm the judgment.

The assault occurred in the early afternoon of January 26, 1968. At that time two officers of the Immigration and Naturalization Service, Whitty and Pecevich, entered the Young China Restaurant at 35 West 8th Street in the Greenwich Village area of New York City and upon displaying their credentials to the proprietor received his permission to proceed to the kitchen for the purpose of verifying the alienage or citizenship of the kitchen help. The proprietor went into the kitchen with the officers and spoke in Chinese to six Oriental employees who were present. The officers then displayed their credentials to these employees, uttered the word "Emunguk," which means "Immigration" in Cantonese, and questioned the employees as to their citizenship. While Pecevich was absent from the kitchen for the purpose of accompanying three employees downstairs to get their citizenship papers, Whitty approached appellant, who had been hired as a dishwasher only 15 minutes earlier, displayed his badge, repeated the word "Emunguk," and asked him of what country he was a citizen. Unknown to the officers, appellant was a United States citizen. When appellant did not reply, Whitty repeated the question and requested him to exhibit his citizenship papers, whereupon appellant shouted sarcastically "What kind of paper you want to see, a newspaper?" Whitty replied that he wanted to see a document that would evidence appellant's citizenship and to be told of what country appellant was a citizen. Appellant then refused to answer any more questions.

About three minutes later Pecevich, having returned with the employees who had left the kitchen to get their papers, displayed his badge to appellant and asked about his citizenship, to which appellant replied with a string of curses and then swung at Whitty, who sustained a laceration on his left wrist. The officers moved to restrain appellant. During the ensuing struggle appellant kicked Whitty several times in the groin while yelling to the other men in the kitchen "Give me knife, give me knife, I kill these bastards." Finally the officers succeeded in overcoming and handcuffing appellant

---

* Of the Southern District of New York, sitting by designation.

1. In pertinent part 18 U.S.C. § 111 provides:
   " * * * whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in * * * the performance of his official duties, shall be fined * * * or imprisoned not more than three years, or both. * * * "

Immigration officers are among those persons designated in 18 U.S.C. § 1114.

2. The following provisions of 8 U.S.C. § 1357 are relevant to this appeal:
   "(a) Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant—
   "(1) to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States; * * *."

and removing him from the restaurant to the Charles Street Precinct House.

Appellant contends that the officers assaulted by him had no right to interrogate him, since he was neither an alien nor a person reasonably "believed to be an alien" whom they were authorized by Title 8, U.S.Code, § 1357 to interrogate and that at the time of the assault they were therefore not engaged in "the performance of * * * official duties," proof of which is essential to a conviction for violation of Title 18, U.S. Code, § 111. The contention must fail for two reasons. First of all it seeks an entirely too constricted standard for determining when a Government officer is engaged in performance of his duties. The test of a Government agent's conduct is whether he is acting "within the scope of what [he] is employed to do," as distinguished from "engaging in a personal frolic of his own." United States v. Heliczer, 373 F.2d 241, 245 (2d Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967). See also United States v. Montanaro, 362 F.2d 527 (2d Cir.), cert. denied, 385 U.S. 920, 87 S.Ct. 233, 17 L.Ed.2d 144 (1966); Amaya v. United States, 247 F.2d 947 (9th Cir. 1957), cert. denied, 355 U.S. 916, 78 S.Ct. 346, 2 L.Ed.2d 276 (1958); Arwood v. United States, 134 F.2d 1007 (6th Cir.), cert. denied, 319 U.S. 776, 63 S.Ct. 1436, 87 L.Ed. 1722 (1943). Unquestionably that test was met here. The two immigration officers were employed to assist in obtaining compliance with immigration laws, Title 8, U.S.Code, §§ 1101, 1103, and were engaged in performing that function when they sought to ask appellant the simple, basic question as to his citizenship status. Such conduct is a far cry from "a personal frolic."

Secondly, under the circumstances disclosed by the record, which must at this stage be viewed in the light most favorable to the Government, see United States v. Kahaner, 317 F.2d 459, 467 (2d Cir.), cert. denied, 375 U.S. 836, 84 S.Ct. 74, 11 L.Ed.2d 65 (1963); United States v. Montanaro, 362 F.2d 527 (2d Cir.), cert. denied, 385 U.S. 920, 87 S.Ct. 233, 17 L.Ed.2d 144 (1966), it does not strike us as unreasonable for an immigration officer to believe that appellant was an alien. Although additional evidence might have been adduced with respect to this issue if appellant had raised it at trial, the proof is adequate to require affirmance upon appellant's own test. Accordingly, the judgment of conviction is affirmed.