UNITED STATES of America,
Plaintiff,

v.

Roger A. FRANK, Defendant.

No. 23810–1.

United States District Court,
W. D. Missouri, W. D.

Nov. 17, 1972.

Bert C. Hurn, U. S. Atty., Wendell K. Smith, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Bruce C. Houdek, Federal Public Defender, Gary Eldredge, Asst. Federal Public Defender, Kansas City, Mo., for defendant.

### MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This case pends on the defendant's timely filed post-trial alternative motions for acquittal or for new trial. Different standards are applicable to the ruling of defendant's alternate motions. See United States v. Beacon Musical Instrument Co. (D.Mass., 1955), 135 F. Supp. 220, and cases cited. Application of those standards require that the defendant's motion for acquittal be denied and that his alternative motion for new trial be granted.

While we are convinced that the questions presented by defendant's alternative motion for acquittal are extremely close, we cannot say that the defendant is entitled to have his motion for acquittal granted. In light of the jury's verdict, the government is entitled to have the evidence considered in its most favorable light. Even if we are wrong in giving that evidence more weight than it should be given, and deny the motion for acquittal, any mistake in that regard does not affect the exercise of our discretionary power to grant a new trial under the circumstances of this case. Compare Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.

Ed. 335 (1950). In other words, even if the defendant is correct in regard to the sufficiency of the evidence question, we still have and may properly exercise our power to grant a new trial in the interest of justice.

 Rule 33 of the Rules of Criminal Procedure provides in its applicable part that "the court on motion of a defendant may grant a new trial to him if required in the interest of justice." For reasons to be outlined, we conclude as Judge McCarthy concluded in *Beacon Musical Instrument Company* in regard to one of the defendants in that case, that although the defendant's motion for acquittal should be denied, nevertheless his motion for a new trial should, in the interest of justice, be granted.

The trial of this case was plagued from its outset by what the panel composed of Judge [now Chief Justice] Burger, and Judges McGowan and Tamm described in Pino v. United States (1966), 125 U.S.App.D.C. 225, 370 F.2d 247, 249, as the "unaccountable practice" of using conjunctive language in an indictment which charges an alleged violation of a statute which the Congress has stated in disjunctive language. *Pino* stated that it was clear "that indictments should not be prepared in this fashion in the first instance or that, at the least, their authors should be alert to preserve their integrity in the terms of the theory on which they were first prepared" and added that "appellant litigation today has little need of interesting, albeit wholly unnecessary, issues."

*Pino* cited Jackson v. United States, (1965), 121 U.S.App.D.C. 160, 348 F.2d 772, in which a conviction was reversed because of an erroneous instruction. That case pointed out that reading a statute to the jury which states the offense in the disjunctive, immediately followed by reading an indictment which states the offense in the conjunctive cannot help but create difficulties. After quoting the indictment involved in that case, which was stated in conjunctive language, the *Jackson* case stated the obvious when it commented that "the reading of the indictment further confused the matter, since it replaced the disjunctives in the statute with conjunctives."

The files and records of this Court show that a not dissimilar question arose in January, 1971, in regard to the indictment filed in conjunctive language in United States v. Fuselier, No. 23252–1, affirmed by the Court of Appeals per curiam No. 71–11966. We were able to avoid the possible reversible error in that case by granting a defense motion for acquittal on Count II at the close of the government's case. Other counts of the indictment were pleaded in conformity with Rule 7(c). Defendant's conviction on the remaining counts was affirmed on appeal with a short per curiam opinion.

While we are convinced that our Court of Appeals has never considered the question of conjunctive pleading of a disjunctive statute in light of the mandatory requirements of Rule 7(c) of the Rules of Criminal Procedure, we nevertheless feel uncomfortably bound by cases such as Rimerman v. United States (8 Cir., 1967) 374 F.2d 251. In those cases the Eighth Circuit has followed, in more or less black-letter fashion, a line of cases "based upon reasoning which is obscure with age" (Arellanes v. United States (9th Cir., 1962), 302 F.2d 603), which apparently rest solely upon certain vague language which appears in Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097 (1896).

The problems created by perpetuating a rule of pleading which flies in the face of the mandatory requirement of Rule 7(c) and the simple procedures available to avoid such problems were fully outlined for the record in *Fuselier*. We incorporate what was there said by this reference, again in the hope that indictments in future cases will be drawn in a manner that will avoid the presentation of the sort of questions presented in *Fuselier* and in this case.

We rationalize the apparent inconsistency between what we did in *Fuselier* and what we do in this case on the ground that our ruling in *Fuselier* merely eliminated what might have been reversible error in regard to a single count in a multiple count indictment, whereas in this case our action would, as a practical matter, prevent the government from obtaining a conviction under any circumstances by reason of an application of a rule which could reasonably be said to reflect a refusal on our part to follow such cases as *Rimerman*. We refuse, therefore to base our grant of defendant's motion for new trial on this ground.

We cannot ignore, however, the element of confusion introduced into this case by the required reading of the statute in the disjunctive and the required reading of the indictment in the conjunctive. We attempted, of course, to keep this case free from error by advising the jury that the government had conceded after it had rested that it had not introduced any evidence which could support a finding that the defendant had in fact "willfully . . . impeded or interfered" with the postal employee's performance of his official duties. The confusion implicit in trying to clarify what the *Jackson* case held was obviously confusing is one of the factors which must be considered in our determination of whether the defendant is entitled to a new trial.

Completely apart from the confusion introduced into this case by the form of the government's indictment, the instruction the defendant sought concerning the question of whether the postal employee was in fact engaged in the performance of his official duties under all of the circumstances of this case was given by court only in modified form. If the other matters of confusion present in this case had not been present, we are doubtful whether our modification of the defendant's proposed instruction, standing alone, would have entitled the defendant to a new trial. Consideration, however, of United States

v. Heliczer (2d Cir., 1967), 373 F.2d 241, cited with approval and followed in United States v. Cho Po Sun (2d Cir., 1968), 409 F.2d 489 at 491, in light of the totality of all of the confusing circumstances implicit in the trial of this case, convinces us that we should have given the defendant's instruction in the precise form requested and that we, under all those circumstances, erred in failing so to do.

A more specific matter with regard to the question of whether the postal employee was engaged in the performance of his official duties relates to the postal service regulations as to how the postal employee should have handled dogs encountered on his route. United States v. Kartman (9th Cir., 1969), 417 F.2d 893, involving an alleged violation of the same statute involved in this case, illustrates the importance of binding regulations given federal officers as to how their official duties are to be performed. We conclude that the quantum and nature of the evidence adduced and our instructions concerning this matter were not given the attention that the question presented deserved.

The testimony in this case revealed that the simple assault involved in this case was declined for prosecution in all of the courts of Missouri, including the Municipal Court of Kansas City, Missouri. However, the government may wish to seek a conviction of the defendant of a federal felony in a second trial. Should that election be made, at least some of the confusion introduced into the trial of this case the first time may effectively be eliminated by a motion filed by the defendant pursuant to Rule 7(d) which provides that "the court on motion of the defendant may strike surplusage from the indictment or information." It is quite apparent that the government does not have any evidence that the defendant in fact impeded or interfered with the postal employee's performance of his official duty. Elimination of that unfounded claim will effectively reduce this case to its proper proportion.

For the reasons stated, it is

Ordered that defendant's post-trial motion for acquittal should be and the same is hereby denied. It is further

Ordered that defendant's motion for a new trial should be and the same is hereby granted.