Opinion filed December 23,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00084-CR

                                                    __________

 

                                        JAVIOR
POLK, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



                                                              

                                             On Appeal
from the 213th District Court

 

                                                          Tarrant
County, Texas

 

                                                  Trial
Court Cause No. 1116308D



 

                                                                  O
P I N I O N

            Javior
Polk waived a jury and entered a plea of not guilty to the charge of aggravated
assault on a public servant with a deadly weapon.  Polk entered a plea of true
to one enhancement count.  After a bench trial, the trial court found Polk
guilty, found the enhancement paragraph to be true and assessed Polk’s
punishment at confinement for twenty years.  We affirm.

            At
the time of this offense, Jeffrey Fobbs, Jr., an Arlington police officer, was
working as an off-duty security guard at a Whataburger restaurant in Arlington. 
He testified that, at sometime around 3:20 a.m., he saw two vehicles enter the
parking lot, one was a Honda and the other was a Nissan.  A female passenger
got out of the Honda and went into the restaurant.  The driver of the Honda got
into the passenger seat of the Nissan.  The driver of the Nissan then drove
into the drive-through line.  While Officer Fobbs was watching, he noticed that
the two men in the Nissan were looking at each other and then looking down.  He
could see the passenger reach toward the center of the car and place something
in his lap.  He had seen the same things in connection with narcotics activity
at this Whataburger, and he believed that a narcotics transaction was taking
place in the Nissan.

            As Officer
Fobbs went to the passenger side of the Nissan, he heard the passenger say,
“Here comes the police.”  Although Polk and the female passenger (who had come
out of the Whataburger by this time) both testified that Officer Fobbs was
wearing dark clothing with neither a badge nor insignia, the officer testified
that he was wearing his City of Arlington police uniform.  The night manager of
the Whataburger also testified that Officer Fobbs was wearing his police
uniform, badge, and sidearm.  Officer Fobbs said that he opened the passenger
door of the Nissan and told everyone to “Freeze, nobody move, police.”  When he
gave that order, the passenger in the Nissan threw whatever items were in his
lap onto the floor.  As Officer Fobbs attempted to reach across the interior of
the Nissan to take the keys out of the ignition, the driver, who Officer Fobbs
identified as Polk, put the car in reverse, stepped on the gas, and quickly
left the Whataburger.  Polk said that he sped away because he believed that he
was being “car-jacked.”  As Polk was driving away, Officer Fobbs was struck by the
passenger door and was knocked to the ground.  The officer suffered injuries that
not only required medical attention but also caused him to miss work for three
days.

            Through
the use of the license plate number from the Nissan, law enforcement personnel
ultimately located Polk and arrested him.

            In
his first issue, Polk argues that the evidence is legally insufficient to show
that Officer Fobbs was discharging an official duty at the time of the
assault.  In his second issue, Polk argues that the evidence is factually
insufficient to show that Polk knew Officer Fobbs was a public servant.

            In
a legal sufficiency review, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Brooks
v. State, PD-0210-09, 2010 WL 3894613, at *5 (Tex. Crim. App. Oct. 6, 2010). 
In his legal sufficiency issue, Polk focuses on one element of the
offense of aggravated assault on a public servant:  that the assault must have
been committed while the public servant was lawfully discharging an official
duty.  Polk claims that, because Officer Fobbs was working an off-duty security
job, he was not discharging an official duty at the time of the assault.  We
disagree.

            As
an officer of the City of Arlington Police Department, Fobbs was a peace
officer.  Tex. Code Crim. Proc. Ann. art.
2.12(3) (Vernon Supp. 2010).  “[A] police officer’s ‘off-duty’ status is not a
limitation upon the discharge of police authority.”  Wood v. State, 486
S.W.2d 771, 774 (Tex. Crim. App. 1972).  And, for many purposes, an officer is “on
duty 24 hours a day.” Monroe v. State, 465 S.W.2d 757, 759 (Tex. Crim.
App. 1971).

            In
Thompson, a detective worked security in exchange for his rent at the
apartment complex in which he lived.  While working in that capacity, he was
called to quiet some folks who were making excessive noise in one of the
apartments.  In the process of trying to stop the noise, the detective was
assaulted, and Thompson was convicted of that assault.  The Texas Court of
Criminal Appeals rejected Thompson’s argument that the detective was not in the
lawful discharge of his duties as a peace officer.  Thompson v. State,
426 S.W.2d 242, 243 (Tex. Crim. App. 1968).

            In
Selvage, an off-duty Harris County deputy sheriff was shot while in a
jewelry store on personal business.  The owner of the store was nervous about some
other customers who had come into the store.  The owner told the deputy that he
was nervous about the other customers.  The deputy removed his coat to reveal
his badge and service weapon in an attempt to stop any potential wrongdoing. 
The Texas Court of Criminal Appeals said that, at that time, he assumed the
role of a peace officer.  Selvage v. State, 680 S.W.2d 17, 19, 21 (Tex.
Crim. App. 1984).

            In
Hafdahl, an Amarillo police officer was on his way home after his shift
ended.  Hafdahl cut in front of the officer in a reckless manner, lost control
of his vehicle, and wrecked.  At the scene of the wreck, the officer told
Hafdahl that he was an officer and also told him to halt.  The Texas Court of
Criminal Appeals held that, at that point, the officer was no longer off-duty. 
Hafdahl v. State, 805 S.W.2d 396, 401 (Tex. Crim. App. 1990).

            Courts
have recognized the same concept in civil matters.  See, e.g.,
Brown v. Dillard’s, Inc., 289 S.W.3d 340 343 (Tex. App.—Eastland 2009, no
pet.) (when an off-duty policeman observes and responds to crime, he is then
on-duty; same is true when there is reasonable suspicion to detain a person for
investigation).

            Here,
based upon his prior experience, Officer Fobbs saw what he believed to be a
drug transaction taking place.  He began to investigate that potential criminal
activity.  When he did so, he ceased to be off-duty and assumed the role of a
peace officer.  The evidence is legally sufficient to prove that, when Polk
committed the assault, Officer Fobbs was a public servant lawfully discharging
an official duty.  Polk’s first issue is overruled.

In his second issue, Polk challenges the factual
sufficiency of the evidence to show that he knew that Officer Fobbs was a peace
officer.  We note at the outset of our analysis that the Texas Court of Criminal
Appeals has now held in Brooks, 2010 WL
3894613, at *1, that there is “no meaningful
distinction between the Jackson v. Virginia
legal-sufficiency standard and the Clewis[1]
factual-sufficiency standard” and that the Jackson v. Virginia standard
is the “only standard that a reviewing court should apply in determining
whether the evidence is sufficient to support each element of a criminal
offense that the State is required to prove beyond a reasonable doubt.  All
other cases to the contrary, including Clewis, are overruled.” Brooks,
2010 WL 3894613, at *1, *8, *14 (footnote added). Accordingly, a challenge to
the factual sufficiency of the evidence is no longer viable. We also note that
appellant did not have the benefit of the opinion in Brooks when this
case was briefed.  We will review appellant’s factual sufficiency challenge under
the legal sufficiency standard set forth in Jackson v. Virginia, and
also set forth in our review of Polk’s first issue.  We will review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found, beyond a reasonable doubt, that Polk
knew Officer Fobbs was a peace officer at the time.  Jackson, 443 U.S.
307; Brooks, 2010 WL 3894613, at *5. 

The evidence at trial was conflicting.  Officer Fobbs
testified that he was wearing his City of Arlington uniform complete with badge
and firearm.  As he went up to Polk’s vehicle, he heard the passenger say, “[H]ere
comes the police.”  When Officer Fobbs reached Polk’s vehicle, he opened the
door and yelled, “Freeze, nobody move, police.”  Sarah Crouch, the night
manager at the Whataburger, testified that on the night of the assault Officer
Fobbs was working security there.  He was wearing his police uniform, badge,
and firearm at the time.

Polk testified that Officer Fobbs was not wearing a distinctive
police uniform and did not identify himself as a police officer.  He said that
he thought someone was trying to steal his car.

Chelsea Antoinette Jones, an exotic dancer who was with
Polk at the time of the assault, testified that Officer Fobbs was wearing a
black T-shirt, black slacks, and black shoes.  She did not see anyone wearing a
police officer’s uniform or badge at the Whataburger.  Jones did not hear
Officer Fobbs identify himself as a police officer.  She did notice, however,
that Officer Fobbs was carrying a weapon.  Although she had been drinking
that night, she knew what was happening.  Jones also testified that she had
lied to the police that night and that she recently had been released from jail
on a charge of aggravated assault with a deadly weapon.  Polk also talked about
his criminal record: convictions for burglary, two assaults, marihuana
possession, and driving while his driver’s license was suspended.

            As the trier of fact, the trial court was the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and it
was free to believe or disbelieve all or any part of the testimony.  Beardsley
v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987).  We conclude that a
rational jury could have determined beyond a reasonable doubt that Polk knew
Officer Fobbs was a police officer at the time of the assault.  We overrule
Polk’s second issue.

            We
affirm the judgment of the trial court.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

 

December 23,
2010

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996).