## TURNER v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted November 3, 1926. Decided December 6, 1926.)

No. 4496.

1. **Indictment and information** ⊜⟶125(39)—**Indictment for robbery by force and violence and by sudden and stealthy seizure and against resistance held not to charge distinct offenses under statute (Code, § 810).**

Under Code, § 810, indictment for robbery, charging that defendant, "by force and violence and by sudden and stealthy seizure and snatching, and against resistance and by putting in fear, feloniously did steal," etc., *held* not to improperly join distinct offenses.

2. **Indictment and information** ⊜⟶125(19)—**Where offense may be committed in several ways, single count may charge commission in any or all ways.**

Where an offense against a criminal statute may be committed in one or more of several ways indictment or information may in a single count charge its commission in any or all of the ways specified.

3. **Larceny** ⊜⟶19—**Stealthy theft without putting in fear or violence held robbery under statute (Code, § 810).**

Stealthy theft of pocketbook, containing money, without knowledge of complaining witness, *held* robbery, under Code, § 810, though there was no putting in fear or force, except that necessary to accomplish the actual taking.

Appeal from the Supreme Court of the District of Columbia.

Pete Turner was convicted of robbery, and he appeals. Affirmed.

D. T. Wright and Philip Ershler, both of Washington, D. C., for appellant.

Peyton Gordon and George D. Horning, Jr., Asst. U. S. Atty., both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. The appellant was convicted and sentenced upon an indictment charging the crime of robbery. The statute against robbery in the District of Columbia reads as follows:

"Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value is guilty of robbery, and any person convicted thereof shall suffer imprisonment for not less than six months nor more than fifteen years." Code D. C., § 810.

[1] The indictment charged that the defendant on the 15th day of September, 1925, at the District of Columbia, "by force and violence, and by sudden and stealthy seizure and snatching, and against resistance, and by putting in fear, feloniously did steal, take, and carry away from and off the person of George A. Darrell, then and there being, twenty-one dollars in lawful money of the United States of America, of the value of twenty-one dollars, of money and property of the said George A. Darrell, against the form of the statute," etc.

The defendant moved to quash the indictment upon the grounds, first, that there was a misjoinder of distinct offenses in a single count; second, that the two alleged offenses were joined in a single count to the prejudice of the defendant; and, third, that the indictment was contradictory, redundant and repugnant.

The lower court overruled this motion, and we think its decision was correct. The applicable rule is thus stated with authorities in 31 Corpus Juris, 764:

[2] "It is a well-settled rule of criminal pleading that, when an offense against a criminal statute may be committed in one or more of several ways, the indictment or information may, in a single count, charge its commission in any or all of the ways specified in the statute. So, where a penal statute mentions several acts disjunctively, and prescribes that each shall constitute the same offense and be subject to the same punishment, an indictment or information may charge any or all of such acts conjunctively as constituting a single offense."

It was held by this court in O'Brien v. United States, 27 App. D. C. 263, that under Code D. C. § 834, which describes two classes of acts, either one of which constitutes embezzlement, an indictment charging the commission of both of such acts is not bad for duplicity, and a conviction is warranted upon proof of the commission of either of the acts, citing Gassenheimer v. United States, 26 App. D. C. 432; 1 Bishop, New Crim. Proc. §§ 436, 586. See Connors v. United States, 158 U. S. 408, 15 S. Ct. 951, 39 L. Ed. 1033.

[3] The conviction rested upon proof that the defendant had stealthily stolen Darrell's pocketbook containing $21 in money from out of his pocket, without Darrell's knowledge, and consequently without any fear or resistance on his part. The pocketbook, when stolen, was not attached in any manner to Darrell's person.

At the trial the defendant requested the court to instruct the jury that, if they found from the evidence that the defendant took the pocketbook or money from the person of Darrell, and took it in such a stealthy manner that Darrell was unconscious of it at the time it was taken, then they should find the defendant not guilty of robbery, as charged in the indictment. The court refused to deliver such an instruction to the jury, either specially or in the general charge, and this is assigned as error. The instruction requested by the defendant would certainly be correct under the common law, which defines robbery to be the felonious and forcible taking from the person of another of goods or money to any value, by violence or putting in fear. Accordingly, under the common law, the mere taking or snatching of property from the person of another does not constitute robbery, for the reason that the force used is not sufficient to overcome or prevent any resistance, or to put the owner in fear; nor can it be inferred in such case that there was an intention of taking violently in the face of a resisting force. 23 R. C. L. 1145; Wharton, Criminal Law, vol. 2, § 1089. Therefore, if the District Code simply denounced the crime of robbery by that name

alone, the common-law definition would prevail, and the act proven in this case would not be robbery.

The contention of the government, however, is that the common-law definition of robbery has been extended by section 810 of the Code, so as to include an unlawful taking of property from the person of another, by sudden or stealthy seizure or snatching, without violence or putting in fear, and with the exercise of only sufficient force to accomplish the actual taking of the property. We think this interpretation is correct. By the terms of section 810, Congress enlarged upon the common-law definition of robbery, by adding thereto the provision for "sudden and stealthy seizure or snatching," a provision which was wholly foreign to the common-law definition, but which must now be given appropriate force and effect in the interpretation of the section. It can signify nothing else than a legislative intent to denounce pocketpicking and the like, together with common-law robbery, under the single general name of "robbery." It is true that the provision for "sudden and stealthy seizure or snatching" is preceded by the phrase "by force and violence"; but the requirement for force is satisfied within the sense of the statute by an actual physical taking of the property from the person of another, even though without his knowledge and consent, and though the property be unattached to his person.

This conclusion finds support in the fact that statutes have been passed in many jurisdictions denouncing larceny from the person as an aggravated form of larceny, and prescribing more severe penalties therefor, although retaining the name of "larceny" for the aggravated offense. The District Code contains no such provision, but accomplishes the same purpose by dealing with larceny from the person under the same classification as common-law robbery.

Other assignments are presented by appellant but we find no prejudicial error in the record. The judgment of the lower court is affirmed.