**SPENCER v. UNITED STATES.**

**No. 7695.**

United States Court of Appeals for the District of Columbia.

Decided Dec. 2, 1940.

H. F. Hawken and James K. Hughes, both of Washington, D. C., for appellant.

Edward M. Curran, U. S. Atty., and Arthur B. Caldwell, Bernard Margolius, and Charles B. Murray, Asst. U. S. Attys., all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

The appeal is from conviction of the crime of robbery. The evidence adduced by the prosecution is substantially as follows: Defendant and one Eva Brown accosted the prosecuting witness, designated as John Jones, on the street, inducing him to accompany the latter woman to a room where he engaged in sexual intercourse with her. At her suggestion, he removed his trousers and placed them on a chair at the foot of the bed. While he was on the bed, in the act of intercourse, defendant came into the room and sat on the chair, ostensibly to change her shoes. After he had left the premises, he discovered that ten dollars was missing from the pocket of his trousers. Defendant was arrested, indicted and tried under the robbery statute, D.C.Code 1929, tit. 6, § 34: "Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take *from the person or immediate actual possession of another* anything of value, is guilty of robbery." (Italics supplied.)

802

At the close of the Government's evidence, defendant moved for a directed verdict of not guilty. It is the denial of this motion which is relied upon as error on this appeal.

 Perhaps this is a case in which the doctrine of "assumption of risk" should be transferred from the field of civil to that of criminal liability. But we are not at liberty to rest the case on such a basis. Defendant argues that "It is well settled that a necessary element of the crime of robbery, in the absence of violence or putting in fear, is that the victim must be aware of and have knowledge of the theft." No authority is cited for this "well settled" rule, and it clearly is belied by the provision of the statute that "stealthy seizure" may be robbery. "Stealth" necessarily connotes lack of knowledge on the part of the victim. It is settled that the robbery statute of the District does not require knowledge on his part. Turner v. United States, 1926, 57 App.D.C. 39, 16 F.2d 535; cf. Harris v. United States, 1930, 59 App.D.C. 353, 41 F.2d 976. The force used to remove the money from the pocket is sufficient to satisfy the statutory requirement of "force or violence." Turner v. United States, supra.

 Defendant contends that the property was not taken from the "immediate actual possession" of the victim, on the theory that he had relinquished possession of his trousers and their contents. The trial court instructed that "immediate actual possession meant that the thing taken may be on the person, or within reach of the person, so long as it is considered to be in such possession that if the complainant knew that his property was being removed from his clothes such knowledge would likely result in physical violence or a struggle for possession of the property." This seems clearly correct. Cf. People v. Lavender, 1934, 137 Cal.App. 582, 31 P. 2d 439; Braley v. State, 1932, 54 Okl.Cr. 219, 18 P.2d 281. "Immediate actual possession" must mean something more than "the person" unless Congress is to be assumed to have indulged in tautology. It therefore must mean at least an area within which the victim could reasonably be expected to exercise some physical control over his property. A "stealthy seizure" of his property within that area is made "robbery" by the statute. Here the taking was within a very few feet of the victim, in the same room, and where, had he known of it, he could have made effective efforts to retain his property. It was clearly stealthy. This complies fully with the terms of the statute.

Affirmed.