**POPE v. HUFF, General Superintendent of District of Columbia Penal Institutions, et al.**

No. 8626.

United States Court of Appeals District of Columbia.

Argued Feb. 14, 1944.

Decided March 30, 1944.

Mr. Levi H. David, of Washington, D. C., with whom Mr. M. Edward Buckley, Jr., of Washington, D. C., was on the brief, for appellant.

Mr. John P. Burke, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

After the decision in the habeas corpus case of Pope v. Huff,[1] appellant Pope filed a second petition for a writ of habeas corpus. The District Court held a full hearing, decided the issues against appellant, and discharged the writ. An appeal was filed, but it was not prosecuted and was dismissed. On September 7, 1943, appellant filed a third petition for habeas corpus. The District Court dismissed this third petition "for the reason that the issues raised in said petition have been adjudicated." This appeal followed.

Appellant is in custody under two distinct convictions of crime. His chief contention is that the jurors in his second criminal trial were not impartial.

[1] 73 App.D.C. 170, 117 F.2d 779.

He made this contention, and introduced evidence in its support, in his second habeas corpus proceeding. He showed in that proceeding that, though no juror took part in both criminal trials, both juries were drawn from the same panel. The court found in that proceeding that none of the jurors in the second criminal case had any knowledge of the first criminal case, and that appellant's second conviction followed "a fair and impartial trial before qualified jurors." Appellant now seeks to support by new evidence his old contention that the jurors in his second criminal trial were not impartial. He now contends that the entire panel heard the prosecuting attorney state the substance of the first criminal charge and heard him assert that the government would support that charge by evidence. But the present petition shows that this evidence was in appellant's possession when he filed his second petition for habeas corpus, and "no reason for not presenting the proof at the outset is offered."[2] Though the doctrine of res judicata does not apply to habeas corpus proceedings,[3] the fact that the same issues have been decided in a former proceeding may, and sometimes should, as a matter of judicial discretion, be given controlling weight.[4] In our opinion the present situation "was one where, according to a sound judicial discretion, controlling weight must have been given" to the prior adjudication. It is therefore immaterial whether the District Court, in dismissing the present petition, correctly exercised its discretion or incorrectly applied the rule of res judicata.[5]

 Appellant's other contentions are also without merit. The robbery statute[6] which he attacks was upheld in Neufield v. United States.[7] Attempted robbery[8] or actual robbery, under the District statute, is possible without assault,[9] and acquittal of assault with intent to rob does not require acquittal of attempted robbery. We think the court did not err in postponing sentence under appellant's first conviction until after his second conviction.[10] But even if that postponement vitiated, as we think it did not, the sentence imposed under his first conviction, he could not now be discharged, since he would still be in lawful custody under his second conviction. Eligibility to parole, which might be affected, cannot be tried in habeas corpus.[11]

Affirmed.

---

[2] Wong Doo v. United States, 265 U. S. 239, 241, 44 S.Ct. 524, 68 L.Ed. 999.

[3] Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302.

[4] Salinger v. Loisel, 265 U.S. 224, 231, 44 S.Ct. 519, 68 L.Ed. 989; Wong Doo v. United States, 265 U.S. 239, 241, 44 S.Ct. 524, 68 L.Ed. 999; Wells v. United States, 318 U.S. 257, 260, 63 S.Ct. 582, 87 L.Ed. 746; Beard v. Bennett, 72 App.D.C. 269, 114 F.2d 578; DeMarcos v. Overholser, 78 U.S.App.D.C. 131, 137 F.2d 698.

[5] Wong Doo v. United States, 265 U.S. 239, 241, 44 S.Ct. 524, 68 L.Ed. 999.

[6] D.C.Code 1940, § 22—2901, 31 Stat. 1322, c. 854, § 810.

[7] 73 App.D.C. 174, 118 F.2d 375.

[8] D.C.Code 1940, § 22—2902, 31 Stat. 1322, c. 854, § 811.

[9] Cf. Pope v. Huff, 73 App.D.C. 170, 117 F.2d 779.

[10] Appellant's contention to the contrary is based on his interpretation of Rule 1 of Rules of Practice and Procedure in Criminal Cases, 18 U.S.C.A. following section 688, 292 U.S. 661, 54 S. Ct. xxxvii.

[11] McNally v. Hill, 293 U.S. 131, 55 S. Ct. 24, 79 L.Ed. 238.