MATTER OF MEDINA-LOPEZ

In DEPORTATION Proceedings

A-11809668

*Decided by Board July 20, 1962*

The crimes of robo (theft of $5.00 from the person) coupled with lesiones (assault) in violation of Articles 288 and 367 of the Penal Code of Mexico, constitute the equivalent of robbery as defined in the District of Columbia Code. Since robbery carries a penalty of more than a year, a petty offense is not involved; and respondent is not eligible for the exemption contained in section 212(a)(9) of the 1952 Act, as amended.

CHARGES:

Order: Sec. 241(a)(1), I. & N. Act (8 U.S.C. 1251(a)(1))—Excludable at time of entry—crime, conviction (section 212(a)(9) of the Act).

Sec. 241(a)(1), I. & N. Act (8 U.S.C. 1251(a)(1))—Excludable at time of entry—Procured visa by fraud or by willfully misrepresenting a material fact (section 212(a)(19) of the Act.)

This is an appeal from the order of the special inquiry officer requiring respondent's deportation upon the charges stated above. The appeal will be dismissed.

The issue is whether respondent has been convicted of a petty offense, or of a crime which is not a petty offense.

Respondent, a 30-year-old single male, a native and citizen of Mexico, was admitted to the United States for permanent residence on April 22, 1959, upon surrender of an immigrant visa issued on April 20, 1959. The Service charges that this visa was obtained by fraud in that respondent concealed the fact that he had been convicted of crimes in Mexico. The Service contends that when the respondent last entered the United States on March 30, 1961, after a short visit to Mexico he was excludable as one who had obtained a visa by fraud and as one who had committed crimes involving moral turpitude prior to entry.

On January 31, 1956, respondent was convicted by a court in Mexico of *robo* (he had taken $5.00 from the person of another without his consent) and *lesiones* (assault) in violation, respectively, of articles

7

288 and 367 of the Penal Code of Mexico.[1]  On April 20, 1956, he was sentenced to six months imprisonment for the *robo* and two months for the *lesiones*.  Sentence was suspended, apparently upon the payment of a fine of 50 pesos and restitution of the $5.00 taken.

The record reveals that in a pretrial confession, respondent stated that he and another arranged to rob an individual in whose car they were riding, and that they did assault him and take his money from him.  On the trial, the respondent stated that the individual with whom he and his companion had been riding refused to return them to their homes and they had taken the $5.00 from him so they could return to their homes, but they had not struck him.  The individual concerned testified that respondent and his friend had assaulted and robbed him of the $5.00.

The special inquiry officer found that the conviction for *robo* was one involving moral turpitude because a permanent taking of the property of another was involved.  He ruled that the *lesiones* required a consideration of the purpose for which the assault was committed, that the purpose established by the record was robbery, and that moral turpitude was, therefore, involved (*Matter of L—*, 2 I. & N. Dec. 54).  The special inquiry officer ruled that since the respondent had been convicted of two crimes involving moral turpitude, the petty offense rule did not apply and respondent had been inadmissible to the United States at the time the visa was issued to him.

Counsel contends that the convictions should be considered as conviction for one offense, for only one act was involved.  Counsel contends that if respondent is considered as having committed only one offense that offense should be *robo*, the most serious aspect of the criminal act.  In the instant case, he contends, the *robo* would be a petty larceny since only $5.00 was involved, and since a petty offense is involved, respondent is not excludable.  Counsel contends that to consider respondent as having been convicted of *robo* and the intent to commit *robo*, as he believes the special inquiry officer has done, is contradictory and unjustified.  In the alternative, counsel argues that if respondent must be considered as having been convicted of two crimes, he should be considered as having been convicted of theft or petty larceny, a petty offense, and assault, a crime which does not involve moral turpitude, thus calling for the conclusion that the re-

[1] Article 288—Under the designation of *lesiones* is comprised not only of wounds, scarring, contusions, fractures, dislocations, burns, but also all alteration of health and whatever other damage which leaves a material mark on the human body, if said effects are produced by external causes.

Article 367—He commits the crime of *robo* who takes possession of another's personalty without right and without the consent of the person who can dispose of it lawfully. (Ex. 5C).

spondent was not inadmissible to the United States by reason of the conviction. In opposition, the examining officer argues that there was a conviction for two distinct offenses, but that the *lesiones* must be considered in connection with the commission of *robo* and, therefore, involves moral turpitude.

In determining whether a foreign conviction is a petty offense within section 212(a)(9) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(9), formerly section 4 of the Act of September 3, 1954), the conviction must be examined in light of a similar offense "if committed in the United States" (*Matter of T—*, 6 I. & N. Dec. 508). The crime committed by the respondent, the taking of property from the person of another by force, describes the crime known as robbery in the United States. If the respondent had not been convicted by the Mexican authorities, but at the border when seeking admission had been questioned concerning his commission of crime, and had revealed the facts which are contained in the record of convictions, he could have been excluded as one who admitted commission of robbery or the essential elements of that crime. Here we have a conviction, and must be guided by what the court considered the respondent had done rather than by what he said he had done. The court chose to punish the respondent for two separate offenses—*robo*, the taking of property and *lesiones*, an assault. However, this record clearly establishes that the taking of property and the assault arose out of one incident. The assault was for the purpose of taking property from the person of another. It appears to us that the respondent's convictions arising as they do out of a single scheme of conduct amount to what in the District of Columbia Code is described as robbery in the following terms:

> Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery, and any person convicted thereof shall suffer imprisonment for not less than six months nor more than 15 years. (Title 22, section 2901 of the District of Columbia Code (1961))

We believe respondent's conviction must be measured by the definition of robbery in the District of Columbia Code. Since the District of Columbia Code provides for a penalty of more than a year for the crime of robbery, a petty offense is not involved. Respondent's conviction made him ineligible for the issuance of a visa and inadmissible to the United States. The first charge is therefore sustained.[2]

---

[2] If there had been no conviction for *lesiones* and the respondent had taken the money from another against his will even without force, the crime of robbery as defined in the District of Columbia Code would have been committed (see, *Spencer* v. *United States*, 116 F. 2d 801 (D.C. Cir.)).

9

Respondent withheld the fact that he had been convicted when he applied for a visa. The record establishes that this information was deliberately held from the consul to facilitate the issuance of a visa. Since a ground of inadmissibility was concealed, there was a misrepresentation of a material fact. The second charge is sustained. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.