Joseph M. JOYNER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17472.

United States Court of Appeals District of Columbia Circuit.

Argued May 3, 1963.

Decided June 20, 1963.

---

1. 32 C.F.R. § 804.403 (Supp.1963).

2. 32 C.F.R. § 804.404 (Supp.1963).

Mr. Charles W. Halleck, Washington, D. C., with whom Mr. Seymour S. Mintz (appointed by this court), Washington, D. C., was on the brief, for appellant.

Mr. Robert D. Devlin, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY and WRIGHT, Circuit Judges.

PER CURIAM.

Appellant, charged with robbery,[1] was convicted of assault with intent to commit robbery. Since "robbery, under the District statute, is possible without assault,"[2] he maintains that assault with intent to commit robbery is not "an offense necessarily included in" a charge of robbery. Rule 31(c), F.R.Cr.P.

■ The District robbery statute denounces several kinds of acts taking the property of another, at least one of which apparently does not require an assault.[3] Appellant was charged in the full language of the statute, substituting, of course, the conjunctive *and* for the disjunctive *or* where necessary.[4] Thus, under the indictment, assault may not have been a necessarily included lesser offense as to all kinds of takings charged. But on the facts as developed during the trial, assault with intent to rob was clearly proved. Since the indictment did charge a taking by force and violence, appellant's conviction of the lesser included offense of assault with intent to rob was permissible. Rule 31(c), F.R.Cr.P.

■ In effect what appellant is attempting to do here, through his very competent court-appointed counsel, is to attack the indictment for duplicity. The attack, however, comes too late. See Rule 12(b) (2), F.R.Cr.P.

Affirmed.

BAZELON, Chief Judge (concurring).

Although appellant purports to be attacking the propriety of charging the jury on lesser included offenses, I agree with my brethren that he is in effect attempting an untimely attack against the indictment for duplicity. Whether made against the indictment or the charge, the attack is levelled against the possibility that the conviction was based on facts not found by the grand jury.[*] But since appellant failed to make a timely challenge to the indictment, I concur in the court's disposition of the case.

But I reject any suggestion that evidence at the trial may be considered in determining whether the grand jury

1. 22 D.C.Code § 2901 provides: "Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery, and any person convicted thereof shall suffer imprisonment for not less than six months nor more than fifteen years."

2. Pope v. Huff, 79 U.S.App.D.C. 18, 19, 141 F.2d 727, 728 (1944).

3. See Notes 1 and 2. See also Spencer v. United States, 73 App.D.C. 98, 116 F.2d 801 (1940).

4. See 4 Wharton's Criminal Law and Procedure § 1798.

* In Spencer v. United States, 73 App.D.C. 98, 116 F.2d 801 (1940), a conviction of robbery was affirmed on facts which did not show an assault. The indictment in the Spencer case charged robbery "against resistance, and by putting in fear, and by sudden and stealthy seizure and snatching * * *." The practice of the United States Attorney, followed in the present case, still seems to be to charge all methods of robbery in robbery indictments regardless of the nature of the evidence presented to the grand jury.

found facts sufficient to constitute an assault. As Mr. Justice Stewart said, writing for the Court in Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962):

"To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him."