Alvin T. **MORRISON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 19325.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 22, 1965.

Decided July 13, 1966.

Petition for Rehearing En Banc Denied
October 7, 1966.

Mr. J. Gordon Forester, Jr., Washington, D. C. (appointed by the District Court), for appellant.

Mr. Charles L. Owen, Asst. U. S. Atty., with whom Mr. John C. Conliff, Jr., U. S. Atty., at the time the brief was filed, Messrs. Frank Q. Nebeker and Donald S. Smith, Asst. U. S. Attys., were on the brief, for appellee. Mr. David G. Bress, U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge:

Appellant appeals from his conviction on one count of a violation of 26 U.S.C. § 4704(a), a narcotics statute.

Appellant first claims that the indictment was defective because it was framed in terms of the statute, merely substituting the conjunctive for the stat-

ute's disjunctive and charging the defendant with having "purchased, sold, dispensed *and* distributed" narcotics illegally. (Emphasis added.) This contention is without merit. District of Columbia v. Hunt, 82 U.S.App.D.C. 159, 163–164, 163 F.2d 833, 837–838 (1947) ; see Joyner v. United States, 116 U.S.App.D.C. 76, 320 F.2d 798 (1963), citing with approval 4 WHARTON, CRIMINAL LAW AND PROCEDURE § 1798. See also Cordova v. United States, 303 F.2d 454 (10th Cir. 1962).

█ Appellant next contends that there was insufficient evidence in the record to support the conviction, because the narcotics agent's testimony as to appellant's possession of narcotics was uncorroborated as to time, place, circumstance and identification of the defendant; but the only item which was not corroborated was the actual transaction itself. It is settled that "the uncorroborated testimony of a narcotics agent is sufficient to support conviction for violation of the narcotics laws." Wilson v. United States, 118 U.S.App.D.C. 319, 320, 335 F.2d 982, 983 (1963). No authoritative utterance of this court is to the contrary.

█ Appellant's third contention is that he was denied due process because there was an "unjustified" delay of five months between the date of the alleged transaction and his arrest, followed by a delay of three more months before appointment of counsel and a delay thereafter of three months before trial. He relies primarily on Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). Like the defendant in *Ross,* he claims he was prejudiced because he was unable to recall his whereabouts on the time and date in question. This case, however, is quite different from *Ross.* The delay before arrest here was five months, compared to seven in *Ross;* Appellant here held a steady job, unlike *Ross,* who "had no regular employment"; in the present case there was substantial corroboration of the identification made by the narcotics agent, whereas the prosecution's case in *Ross* rested solely on the uncorroborated testimony of the

agent, a factor emphasized in that opinion. The narcotics agent here saw and recognized the Appellant on numerous occasions other than the one on which he said Appellant sold narcotics, whereas no such repeated opportunities to confirm the identification appeared in *Ross.*

Appellant's final contentions are interrelated and require some exposition of the facts. According to the prosecution's evidence, which the jury credited, the transaction was initiated by an undercover agent who gave six dollars to one Robert L. Hoffman for three capsules of heroin. Hoffman then gave five dollars to the Appellant and received fifty cents in change. Hoffman and Appellant then walked to the rear of the snack bar, where the alleged transaction took place and where Appellant was employed, and Appellant there gave Hoffman a "quantity" of capsules. Hoffman in turn gave three capsules to the undercover officer. The officer was ten feet away when the money was passed from Hoffman to Appellant and three feet away when the capsules were exchanged.

Hoffman was indicted as a codefendant with Appellant, but he pled guilty to another narcotics charge, and the indictment as codefendant with Appellant was dismissed. Hoffman was announced as a possible Government witness but was not called. However, the defense then called Hoffman, but, after having his privilege against self-incrimination explained out of the presence of the jury, Hoffman refused to testify. The defense then argued that Hoffman could not be reindicted and therefore could not incriminate himself, but after inquiry the Court allowed Hoffman's claim of possible incrimination. The defense then requested that the Government grant immunity under 18 U. S.C. § 1406 (1964), or that the Court ask the Government to do so; the Government declined. Defense counsel made a proffer that Hoffman, if granted immunity, would testify that he had never bought narcotics from Appellant and that Appellant to the best of his knowledge had never had anything to do with narcotics.

At the close of the evidence, defense counsel asked the Trial Judge to give a missing witness instruction to the effect that Hoffman was a witness peculiarly within the control of the Government and that the jury might infer from the Government's failure to call him that his testimony would have been unfavorable to the prosecution. This request was refused, but defense counsel in his closing argument argued to the jury that "Robert Lee Hoffman is not here and has not been called by the Government. This is the man that I submit you should demand and like to hear. * * *" In rebuttal the prosecutor argued, "Why doesn't he call Hoffman? * * * This man is as available to him and he could have called him as a witness." Whereupon, defense counsel objected, and the Trial Judge suggested that he would tell the jury "what happened." Defense counsel said he would not object to that, and the Judge then told the jury that the defense had called Hoffman out of the presence of the jury but that Hoffman had stood on the Fifth Amendment. Defense counsel stated that he had no objection to that statement.

■■ Appellant argues first that the Government was obligated to grant immunity to Hoffman to testify for Appellant, because it had the power to grant immunity and compel Hoffman to testify for the prosecution, and that the Court itself should have granted immunity to Hoffman so that he could be compelled to testify. These are the same arguments that we rejected in similar circumstances in Earl v. United States, 124 U.S.App. D.C. 77, 361 F.2d 531, April 19, 1966, and that decision is controlling here. The District Court, of course, had no power to grant immunity *sua sponte.*

Appellant advances the further contentions, not presented in *Earl,* that the trial judge should have given the missing witness instruction, see Graves v. United States, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893), and that the prosecutor argued improperly in telling the jury that Hoffman was "as available" to the defense as he was to the prosecution. The Government contends that Hoffman was produced in court and hence was equally available to both sides and therefore its oral argument was a proper response to Appellant's missing witness argument; it argues further that the missing witness rule is not applicable.

■■ The missing witness instruction is one within the sound judicial discretion of the trial judge who must decide whether in all the circumstances shown it is reasonable for the jury to be permitted to draw an adverse inference from one party's failure to call a witness peculiarly available to him. The large array of considerations which enter into the relatively rare use of immunity grants indicates that government reluctance to use this power cannot reasonably be equated to the failure of a litigant to produce an otherwise available witness. Where a Fifth Amendment testimonial claim has been invoked by a witness and granted, the Government's refusal to grant him immunity in order to permit him to testify does not give rise to a missing witness instruction.

■■ In light of the situation engendered by Appellant's counsel embarking on argument as to the absence of the witness Hoffman, it was not inappropriate for the Court, with the approval of both counsel, to explain to the jury what had happened with respect to the witness in question. However, when this situation rises in future cases we are of the view that the District Court should instruct both counsel that they are to abstain from a "missing witness" argument. *Cf.* Billeci v. United States, 87 U.S.App.D.C. 274, 278, 184 F.2d 394, 398, 24 A.L.R.2d 881 (1950).

Affirmed.