In the Matter of D.B.H., Appellant.

No. 87–551.

District of Columbia Court of Appeals.

Argued May 26, 1988.
Decided Oct. 27, 1988.

---

**352**

Thomas Ruffin, Jr., Washington, D.C., appointed by this court, for appellant.

Mary L. Wilson, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before MACK, TERRY and STEADMAN, Associate Judges.

PER CURIAM:

A petition, filed in the Family Division of the Superior Court, recited that appellant D.B.H. appeared to be in need of care and rehabilitation and charged him with robbery in violation of D.C.Code § 22–2901 (1981). The facts at trial revealed the following uncomplicated teenage encounter. Complainant Kenton Long was selling newspapers door-to-door in an apartment building when accosted by D.B.H., whom he knew from school.[1] D.B.H. snatched a bag of money out of Long's sweatshirt pocket but promptly returned it on demand. He then grabbed a newspaper from Long and ran down the hall toward several of his friends. Long followed in pursuit; a general physical altercation ensued involving Long and one or more of the boys. During the altercation Long felt D.B.H.'s hand on his stomach, and someone yanked the bag of money out of Long's sweatshirt pocket, tearing the pocket in the process; the bag fell to the floor and disappeared. There were some men standing nearby. The trial

court acquitted D.B.H. of robbery in connection with the loss of the bag in the altercation but found him guilty of simple assault in taking the bag of money (although promptly returning it) in the original encounter.

In this court appellant challenges the sufficiency of both the charging petition and the evidence. Specifically, appellant contends that "[b]ecause of its vague allegations of robbery, the petition never fully informed [him] of the issues that would be raised at trial. The petition never alleged that D.B.H. had the specific intent to steal money.... [T]he petition had no clearly defined limit expressed in its language for determining its scope." Treating these allegations in the broad sense, on this record, we conclude that the charging petition was deficient, and we therefore reverse. Accordingly, we are not required to, nor do we, address appellant's claim regarding the sufficiency of the evidence.

■■■■ Basic to our system of criminal justice is the principle that a charging document must be sufficient to put an accused on notice of the nature of the crime against which he must defend. *See Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962) (a charging document should contain all the elements of the crime to be charged so that the defendant understands the nature of the charges and what he must be prepared to meet at trial). The same is no less true for a juvenile facing an adjudication of delinquency.

Thus the instant case falls within the reasoning of *In re W.B.W.*, 397 A.2d 143 (D.C.1979), where we rejected the government's contention that a juvenile charged with, and acquitted of, arson could be found guilty of malicious burning. In analyzing the sufficiency of a delinquency petition, we noted:

> D.C.Code [§ 16–2305 (1973)] sets forth the requirements of a delinquency peti-

---

1. Long testified that D.B.H. or one of his friends said, "We're going to beat you, come take your money," or words to that effect, but there was no indication that Long was intimidated by this statement. There was also testimony that before the first encounter D.B.H. said to his friends, "Let's jump the paperboy."

tion. Subsection 2305 (d) requires that "the petition shall ... *state the specific statute* or ordinance on which the charge is based." Consequently, in order for a delinquency finding to stand, it must be based on an offense charged in the petition or, as in an adult criminal proceeding, on a crime which is a lesser-included offense of the one charged.

*Id.* at 147 (footnote omitted; emphasis added).

■ Here the delinquency finding is not based on an offense charged in the petition. Rather, the petition specifically alleged that D.B.H. "on or about February 1, 1987, within the District of Columbia, by force and violence, against resistance and putting in fear, stole and took from the person and immediate actual possession of [complainant], property of value, consisting of U.S. currency, [i]n violation of D.C.Code § 22–2901." The petition did not charge D.B.H. with robbery by "sudden or stealthy seizure or snatching," [2] nor with simple assault. Thus, on the face of the petition, D.B.H. could reasonably have believed that the offense he was required to defend against was the robbery that occurred during the altercation.[3] That was the event principally involving "resistance and putting in fear"; the initial grabbing of the bag could fairly be viewed as involving only a seizure or snatching, and furthermore, the prompt return of the bag hardly fit the normal pattern of a taking away and appropriation to one's own benefit.[4]

That the government itself expected to prove the robbery at the time of the general altercation is indicated by the statement of facts in its opposition to appellant's motion to sever his hearing from that of his co-respondents, the participants in that altercation. In describing the events at issue, the government's opposition was totally silent with respect to the snatching of the money at the original encounter.[5] Consequently, whether or not simple assault is a lesser-included offense of a charged robbery in general,[6] it cannot be considered, for purposes of providing sufficient notice to the accused, a lesser-included offense of the robbery charged here.[7]

2. D.C.Code § 22–2901 (1981) provides in part:
   Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery....

3. We do not think that the testimony suggesting premeditation, *see* note 1, *supra,* negates this assumption.

4. The government argued, however, that a robbery might be proven because, at the moment of the snatching, appellant could have had the requisite intent.

5. The description read as follows:
   At about 11:30 A.M., the respondent approached the complainant while the complainant was delivering newspapers. The respondent took one of the newspapers and ran down the hall to where the co-respondents were standing. The complainant chased the respondent and demanded that the newspaper be returned. As the complainant turned away, he was struck from behind and a physical altercation took place involving all respondents. During the altercation, the complainant's money fell to the ground, some of which was taken by the respondents.
   Apparently this description did not in fact mislead appellant, since his counsel for some reason did not receive a copy of it.

6. *Cf. Dublin v. United States,* 388 A.2d 461, 463 (D.C.1978) (for purpose of defense request for instructions to jury "petit larceny is clearly a lesser-included offense of robbery"); *Walker v. United States,* 135 U.S.App.D.C. 280, 418 F.2d 1116 (1969) (grand larceny implied by defendant's own testimony is a lesser-included offense of robbery, while assault with a dangerous weapon is not). While simple assault and robbery may under certain circumstances encompass similar elements (*e.g.,* "force or violence"), simple assault does not contain a "taking" element nor a "property of value" element, nor is it a specific intent crime. *Williamson v. United States,* 445 A.2d 975, 978 (D.C.1982) (a "menacing threat" may or may not be accompanied by a specific intent to injure).

7. No argument is made that, assuming the notice was inadequate, no prejudice resulted to appellant. In fact, as the trial court itself pointed out in the discussion following the close of the evidence:
   What robbery are you prosecuting here? I mean which one? The initial grabbing of the money bag, the grabbing of the newspaper, or the snatching of the bag with the money during the altercation down the hall? It seems to me that I have proceeded, and I believe counsel has proceeded, on the basis of it—on the presumption that it was the last of those three that the Government is proceeding on.

Both cases cited by the government, *Riley v. United States*, 291 A.2d 190 (D.C. 1972), and *Mahoney v. United States*, 243 A.2d 684 (D.C.1968), are inapposite. In each of those cases there was a charge of simple assault which sufficiently apprised the defendants of the nature of the crime and the issues to be raised at trial. Here, paraphrasing *In re W.B.W., supra,* the "petition charging a juvenile with [robbery] gives no notice that he may face a charge of [simple assault].... The only way an individual is on proper notice of facing the offense of [simple assault] is to be charged with it [or with the greater offense which incorporates it]. This was not done here." 397 A.2d at 148. The delinquency finding cannot stand.[8]

██ Lest this opinion be read too broadly, we think it appropriate to make clear what we are *not* saying in this case. First, we are not holding that a specific intent to steal must be expressly alleged in a delinquency petition (or an indictment) charging someone with the crime of robbery under D.C.Code § 22–2901 (1981). Such a holding would, indeed, be contrary to our decision in *United States v. Owens*, 332 A.2d 752 (D.C.1975). Second, we emphasize that our reversal in this case is fact-specific. That is, we are holding only that the precise offense of which the trial court found appellant guilty—"simple assault in taking the bag of money (although promptly returning it) in the original encounter," *supra* at 352—was not a lesser-included offense of the robbery charged in the delinquency petition, which was the taking of

the bag of money *in the subsequent altercation* "by force and violence, against resistance and [by] putting in fear...." That taking was factually and legally distinct from appellant's "taking the bag of money (although promptly returning it) in the original encounter." *See Owens v. United States,* 497 A.2d 1086, 1094–97 (D.C.1985) (assault with intent to rob followed by separate assault with a dangerous weapon), *cert. denied,* 474 U.S. 1085, 106 S.Ct. 861, 88 L.Ed.2d 900 (1986); *Bates v. United States,* 327 A.2d 542, 546–47 (D.C.1974) (robbery followed by separate assault).

Third, we are not deciding, either in general or on the facts of this case, whether simple assault is or is not a lesser-included offense of robbery; that issue is simply not presented here. Finally, nothing in our opinion should be construed as eroding in any way the holding of *Turner v. United States,* 57 App.D.C. 39, 16 F.2d 535 (1926), that the degree of force needed to remove the victim's wallet from his possession was sufficient to constitute "force and violence" as that term is used in the robbery statute. *See also Spencer v. United States,* 73 App. D.C. 98, 116 F.2d 801 (1940).

REVERSED.

---

**8.** The government relies on the standardized Criminal Jury Instructions to support its argument that appellant had notice that simple assault was a lesser-included offense of the charged robbery. In fact, however, the comment to the instruction on assault states: "This instruction *is not appropriate for use in the special circumstances where a defendant is charged with ... assault in connection with the snatching of a purse or wallet....* [T]he jury should alternatively be charged that it must find *an attempt to rob or the robbery of another. See, e.g., Riley v. United States,* [supra], and *Mahoney v. United States,* [supra]." Criminal Jury Instructions for the District of Columbia, No. 4.11, Comment (3d ed. 1978) (emphasis added).