**UNITED STATES of America**

v.

**Eddie J. MATHIS.**

**Crim. No. 90–0139–02.**

United States District Court, District of Columbia.

May 14, 1990.

As Amended May 18, 1990.

Russell Duncan, Asst. U.S. Atty., Washington, D.C., for U.S.

R. Kenneth Mundy, Washington, D.C., for defendant.

MEMORANDUM

GESELL, District Judge.

Defendant Eddie Mathis stands indicted under 18 U.S.C. section 922(g)(1) for one count of possession of a firearm by a felon. The indictment alleges that Mathis has been convicted of three prior violent felonies, thus subjecting him, if convicted, to a mandatory minimum fifteen year term of imprisonment pursuant to 18 U.S.C. section 924(e)(1), a sentencing enhancement provision. Mathis has moved to strike the portion of the indictment invoking § 924(e)(1), and the United States has opposed. The motion has been fully briefed and argued.

Section 924(e)(1) provides a mandatory fifteen year term, without parole, for any person who violates § 922(g)(1) and has three previous convictions for a violent felony or serious drug offense, committed on separate occasions. Mathis asserts that one of the three convictions alleged in the indictment, a July 2, 1975, D.C. Superior Court conviction for robbery, was not for a violent felony or serious drug offense.[1]

There is no assertion that Mathis's 1975 conviction constituted a drug offense, so the question is whether it was a "violent felony" as defined for the purposes of § 924(e)(1). The applicable definition, at § 924(e)(2)(B), states in relevant part:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The offense for which Mathis was convicted on July 2, 1975, was robbery, D.C. Code § 22–2901. The statutory provision reads:

> Whoever by force or violence, whether against resistance or by sudden or steal-

---

1. The other two convictions cited occurred August 31, 1973 (one count of assault with intent to commit robbery and two counts of robbery) and May 10, 1976 (assault on a police officer while armed).

thy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery, and any person convicted thereof shall suffer imprisonment for not less than 2 years nor more than 15 years.

Section 924(e)(1), as amended by the Career Criminal Amendments Act of 1986, Pub.L. No. 99–570, 100 Stat. 3207, has been the subject of review and analysis by courts of appeals in other circuits. *See, e.g., United States v. Sherbondy*, 865 F.2d 996 (9th Cir.1988); *United States v. Dombrowski*, 877 F.2d 520 (7th Cir.1989); *United States v. Hill*, 863 F.2d 1575 (11th Cir. 1989); *United States v. Headspeth*, 852 F.2d 753 (4th Cir.1988).

■ In deciding whether an offense is a "violent felony" under the definition in subsection (i) of § 924(e)(2)(B), a court must examine the statute of the offense and determine whether it has "as an element" the use of force; the court should *not* examine the actual conduct underlying the offense. *Headspeth*, 852 F.2d at 756; *Sherbondy*, 865 F.2d at 1005–06. This is plain from the statutory language. As the court stated in *Sherbondy:*

> There is nothing to suggest that Congress, when it included the "element" requirement in subsection (i), did not intend the word to have its accepted meaning in the criminal law, namely a "constituent part[ ] of a crime which must be proved by the prosecution to sustain a conviction." *Black's Law Dictionary* 467 (5th ed. 1979). Establishing the precise nature of the acts of a given defendant has nothing to do with determining the "elements" of a given crime.

865 F.2d at 1006.[2]

*United States v. Baskin*, 886 F.2d 383 (D.C.Cir.1989), does not permit a different result. *Baskin* dealt with a provision under the federal sentencing guidelines, the "career offender" provision, *see* 28 U.S.C. § 994(h), U.S.S.G. 4B1.1, and a corresponding definition of "crime of violence," 18 U.S.C. § 16, U.S.S.G. 4B1.2(1).[3] The court in *Baskin* applied the same approach to the guidelines that previous decisions employed in interpreting section 924(e)(2)(B)(i): "[A] crime is one of violence under § 16(a) if it is defined under state law as requiring proof of the requisite use of force (or attempted or threatened use of force)." However, the court added that a sentencing court *"retains discretion"* to *"depart from the guidelines"* based on the actual facts of the prior offense and remanded for consideration on that basis. 886 F.2d at 389–90.

Thus *Baskin* held that for purposes of fixing the guidelines offense level—a purely legal analysis—the Court should look only to the statutory definition of the prior offense, whereas in deciding whether to depart from the guidelines—a discretionary inquiry—examination of actual conduct may be appropriate. The Court's present task is clearly of the former type. A statute must be interpreted. There is no discretion.

■ In any case, it is doubtful that Mathis would have been aided by an inquiry into his actual conduct. The appellate decision affirming his conviction and that of his codefendant, *Hooks v. United States*, 373 A.2d 909 (D.C.1977), indicates the following about the robbery for which he was convicted: On October 11, 1974, on a moving Metro bus, the driver observed a woman, Kaur, "sandwiched" between Mathis and a second woman, Hooks. Mathis "was observed to push back

---

2. The same rule is appropriate for the somewhat more ambiguous subsection (ii). That is, the phrase "any crime ... that ... otherwise involves conduct that presents a serious potential risk of physical injury to another" in that subsection requires an examination of the elements of the offense and precludes an inquiry into the defendant's actual conduct. *Headspeth*, 852 F.2d at 758–59; *Sherbondy*, 865 F.2d at 1009.

3. Crime of violence is defined as:

   a) an offense that has as an element the use attempted use, or threatened use of physical force against the person or the property of another, or

   (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18

against" Kaur as Hooks removed money from Kaur's handbag. *Id.* at 910. This was a standard pickpocketing. Mathis's role was to bump up against the victim, i.e. to use "physical force against the person of another," in order to distract her. "Force" simply means "power made operative against resistance; exertion." *The American Heritage Dictionary of the English Language* 513 (1981). Mathis, in pushing himself against the victim, used force.

Nor does the proper § 924(e) inquiry, comparing the federal definition of "violent felony" with the elements of the offense of conviction, support Mathis's position. The "use, attempted use, or threatened use of physical force against the person of another" is clearly an element of robbery as defined in the D.C. Code. A defendant is guilty of this offense if he takes something either "by force or violence"—i.e. the use of physical force—or "by putting in fear" —i.e. the threatened use of physical force.

■ Mathis's counsel argues, however, that the third "or" in section 22–2901 is disjunctive, that "stealthy seizure or snatching" therefore is not meant to be a category of "force or violence" but rather distinct conduct, and that, accordingly, force or violence is not a necessary element of a section 22–2901 robbery.

The underlying premise of this argument is not without merit. If a statute covered both violent and non-violent offenses, permitting convictions under it to count as violent felonies might well run afoul of the rule of lenity.[4] In *Sherbondy*, 865 F.2d at 1010, the Ninth Circuit concluded that the use of force against a person was not an "element," i.e. a constituent part, of a witness-threatening statute because that offense covered force or threats against property as well as persons. Accordingly, a conviction under that statute could not be treated as a "violent felony" under § 924(e)(2)(B)(i).

Nevertheless, Mathis's position cannot be sustained. It is apparent from the placement of the commas in § 22–2901 that the

fourth "or," preceding "by putting in fear," is intended to be disjunctive but the previous "or" is not. Thus, "stealthy seizure" is considered a form of "force or violence."

■ On the other hand, the fact that section 22–2901 declares "stealthy seizure" to be "force or violence" does not settle the controlling inquiry, i.e. whether such an offense is a "violent felony" under the definition in the *federal* statute. As is clear from the language of § 924(e), in deciding whether an offense constitutes a violent felony, a court must look to the federal statutory definition in § 924(e)(2)(B) and not to state law. *Sherbondy*, 865 F.2d at 1005. Had Congress wanted state law definitions to apply, it would have said so, rather than providing its own definition. *Id.* The Court of Appeals reached a similar conclusion in *Baskin*, where it stated that whether an Illinois offense was a crime of violence for purposes of the guidelines "career offender" provision was not determined by "how the state may *characterize the crime* for purpose of its own multiple offender (or other) provisions." 886 F.2d at 389.

■ It is of some significance that in this case, the relevant "state" statute—defining "stealthy seizure" as "force or violence"—is a District of Columbia law passed by Congress. And it is worth noting, although *Baskin* does not permit this factor to control, that for purposes of both the D.C. bail statute and a D.C. penalty enhancement provision, Congress defined "crime of violence" to include robbery. D.C.Code §§ 23–1331(4); 22–3201. But these factors cannot be determinative.

More significant is that in this case the definition of "stealthy seizure" as a form of "force or violence" is not in some separate statute but in the description of the offense itself. And, most importantly, it appears from the case law that robbery by stealthy seizure under D.C.Code section

**4.** It is well settled that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Rewis v. United*

*States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971).

22–2901 is a violent felony as defined in the federal statute.

As Mathis's case indicates, a D.C. jury may convict a defendant of a section 22–2901 robbery offense for an act of pickpocketing. *See also United States v. Jackson*, 425 F.2d 574 (D.C.Cir.1970). While some pickpocketing offenses, as in Mathis's case, involve the use of direct physical force against another's body, *see also Jackson*, 425 F.2d at 575; *Hawkins v. United States*, 399 A.2d 1306 (D.C.1979), other pickpockets have been convicted of robbery under section 22–2901, rather than of the lesser offense of larceny, for stealthy grabs at property from a victim's pocket where the victim was totally unaware. *See, e.g., Spencer v. United States*, 116 F.2d 801 (D.C.Cir.1940) (under then D.C. Code § 6–34, identical to § 22–2901); *Turner v. United States*, 16 F.2d 535 (D.C.Cir. 1926) (under then D.C.Code § 801, also identical).

Although crimes of stealth under section 22–2901 might not appear to include "force" against another person as ordinarily defined, it is the law of this Circuit that they do include such force. In *Turner*, the Court of Appeals held that "the requirement of force is satisfied within the sense of the statute by an actual physical taking of the property from the person of another, even though without his knowledge and consent, and though the property be unattached to his person." 16 F.2d at 536. Similarly, in *Spencer*, the court stated, "The force used to remove money from the pocket is sufficient to satisfy the statutory requirement of 'force or violence.'" 116 F.2d at 802. More recently, the Court of Appeals concluded in *United States v. McGill*, 487 F.2d 1208, 1209 (D.C.Cir.1973), that the enactment of § 22–2901 did not alter the common law requirement that both assault and larceny are essential elements of robbery. In sum, force against another person is a constituent part of any § 22–2901 offense, and the requirements of a "violent felony" as defined in § 924(e)(2)(B)(i) are therefore met.

For the foregoing reasons, the Court concludes that the offense for which Mathis was convicted on July 2, 1975—robbery under D.C.Code § 22–2901—is a "violent felony" as defined for purposes of 18 U.S.C. § 924(e)(1). Accordingly, the motion *to strike is denied, and the reference in the* indictment to section 924(e)(1) will not be stricken.