UNITED STATES of America

v.

Delbert MOBLEY.

Crim. No. 92–307–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

April 14, 1993.

Marcus Davis, Asst. U.S. Atty., for U.S.

Arthur M. Reynolds, Jr., Paul H. Zukerberg, Washington, DC, for Delbert Mobley.

## MEMORANDUM OPINION

ELLIS, District Judge.

Delbert Mobley was convicted by a jury in this Court of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). In imposing sentence, the Court must now determine whether Mobley is subject to the fifteen year mandatory minimum provision of 18 U.S.C. § 924(e). Pivotal to this inquiry is the question of whether the District of Columbia's "pick-pocketing" offense should be considered a "violent felony" under the terms of § 924(e).

The relevant facts are simple and undisputed. Mobley has three previous felony convictions, two in 1975 and one in 1978.

The first 1975 conviction is for assault with intent to rob. He concedes, as he must, that this is a violent felony under § 924(e). But he does not concede that the remaining two felonies may be so labeled. These two convictions, one in 1975 and the second in 1978, were for violations of District of Columbia Code § 22–2901, which, at the relevant time, stated:

> Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery, and any person convicted thereof shall suffer imprisonment for not less than two years nor more than fifteen years.

The question presented, therefore, is whether Mobley's two convictions under this statute merit treatment as violent felonies under § 924(e).

Resolution of this matter depends entirely on interpretation of § 924(e)(1), which mandates a minimum sentence of incarceration of fifteen years "in the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year ... that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B). The Supreme Court, in *Taylor v. United States*, 495 U.S. 575, 600–01, 110 S.Ct. 2143, 2159–60, 109 L.Ed.2d 607 (1990) has ruled that the proper inquiry, under both prongs of this definition, is not an inquiry into the particular facts that underlie the conviction, but rather a categorical analysis of the offense upon which the conviction is based.

■ To begin with, there is no dispute that Mobley's § 22–2901 convictions meet the threshold requirement of the § 924(e)(2)(B)'s "violent felony" definition: both are punishable by a term of imprisonment for more than one year. Sharply disputed, however, is whether the offenses satisfy either of the two succeeding, alternative tests set forth in the second portion of this "violent felony" definition. Given § 924(e)'s plain language, it would seem that violations of § 22–2901 satisfy the first prong, for § 22–2901, in its introductory clause, is directed at "[w]hoever, by force or violence...." On its face, then, § 29–2901 appears to contain as an element "the use of physical force against the person of another," thereby satisfying § 924(e)(2)(B)(i). But the analysis does not end here. Judicial construction of § 22–2901 appears to preclude such a simple facial analysis. As the D.C. Circuit noted recently in *United States v. Mathis*, 963 F.2d 399, 408 (D.C.Cir.1992), which addressed this precise issue, D.C. courts have construed the "force" element of § 22–2901 such that it is satisfied by " 'the exercise of only sufficient force to accomplish the actual taking of the property.' " (*quoting Turner v. United States*, 16 F.2d 535, 536 (D.C.Cir.1926)). *See also Spencer v. United States*, 116 F.2d 801, 802 (D.C.Cir.1940) (force element satisfied by defendant's act of removing money from pocket of trousers that victim had removed and placed on a chair adjacent to the bed occupied by the victim); *Harris v. United States*, 41 F.2d 976 (D.C.Cir.1930) (robbery conviction sustained although defendants used no more force than that necessary to lift victim's wallet from his pocket). In other words, the D.C. courts have found that the "force" necessary under the robbery statute may be a *de minimis* force directed at the stolen *property* rather than force directed at the *person* of the victim. As a result, § 22–2901 of the D.C.Code, as judicially construed, does not, without more, satisfy subsection (i) of 18 U.S.C. § 924(e)(2)(B).

■ Even here the analysis does not end. While *Taylor* mandated a categorical approach to analysis of prior convictions under the "violent felony" definition, it did suggest a situation, relevant to this case, when a court could look beyond the statutory defini-

tion of the offense in conducting the analysis. Where, as here, a statute prohibits several forms of conduct, some of which meet the definition of "violent felony" and others of which do not, but the indictment or jury instructions in a particular case force the jury to find elements that eliminate the possibility that the crime would fall outside the "violent felony" definition, the conviction may be counted under § 924(e). *See Taylor*, 495 U.S. at 600–01, 110 S.Ct. at 2160. Only one of Mobley's disputed convictions is amenable to treatment under this principle.

The indictment underlying the April 1975 disputed conviction limits the D.C. robbery statute, as foreseen in *Taylor*, by alleging that Mobley, "by force and violence and against resistance and by putting in fear," stole property from the victim. Thus, the 1975 conviction, as indicted, eliminates the possibility that Mobley was convicted merely for a "stealthy seizure." The remaining alternatives, that the robbery was committed "against resistance" or "by putting in fear" both clearly require "the use, attempted use, or threatened use of physical force against the person of another." As a result, Mobley's 1975 conviction, as charged, satisfies subsection (i) of the "violent felony" definition.

This result is of little practical significance, however, because the indictment underlying the November 1978 conviction includes the "stealthy seizure" language from the D.C.Code § 22–2901. Thus, it remains possible that the 1978 offense did not involve "the use, attempted use, or threatened use of physical force against the person of another." Because the 1978 conviction does not satisfy subsection (i) of 18 U.S.C. § 924(e)(2)(B), even when the language of the indictment is considered, Mobley will only be subject to the enhanced sentence under § 924(e) if D.C.Code § 22–2901 satisfies the test under subsection (ii) of 18 U.S.C. § 924(e)(2)(B). In this regard, *Mathis* inexplicably fails to evaluate D.C.Code § 22–2901 under subsection (ii) of the "violent felony" definition. In its opinion, the *Mathis* court proposes a di-

chotomy between felonies against the person, which are purportedly addressed by subsection (i), and crimes against property addressed by subsection (ii). Apparently, the *Mathis* court concluded that the D.C. "pickpocketing" statute was a crime against the person and, therefore, that analysis under subsection (ii) was unwarranted. Yet no precedential or textual support was cited for this proposed dichotomy. Weighing against such an interpretation is the fact that the "violent felony" definition is phrased as a simple disjunctive, plainly implying that a statute should be analyzed under both prongs of the definition, with satisfaction of either prong being sufficient to cause the crime to be classified as a violent felony. Accordingly, proper analysis of D.C.Code § 22–2901 should proceed to determine whether the defined offense "involves conduct that presents a serious potential risk of physical injury to another." [1]

This is an open question in the Fourth Circuit. In *United States v. Wilson*, 951 F.2d 586, 588 n. 3 (4th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 2294, 119 L.Ed.2d 218 (1992), the court specifically reserved the question whether "pickpocketing" qualified as a "crime of violence" under the similarly worded definition of "crime of violence" contained in § 4B1.2 of the Sentencing Guidelines. Yet, the court's recent decision in *United States v. Custis*, 988 F.2d 1355 (4th Cir. March 22, 1993), plainly suggests the D.C. "pickpocketing" statute would be found by the Fourth Circuit to define a "violent felony." There, the court found that a Maryland conviction for attempted breaking and entering into a dwelling house qualified as a "violent felony" under § 924(e)(2)(B)(ii) because the dwelling was "likely to be occupied, thus creating a substantial risk of confrontation." *Id.*, 988 F.2d at 1363. In the instant case, the risk of confrontation is, if anything, substantially greater than was the risk of confrontation in *Custis*. The potential for confrontation during a breaking and entering is a function of whether the victim is present, which may or may not be the case. But the victim is always present at the crime scene in

---

1. Clearly, the offense is not one of the expressly denominated offenses in subsection (ii), "burglary, arson, or extortion," and the offense does not "involve[] the use of explosives...." 18 U.S.C. § 924(e)(2)(B)(ii).

the case of a § 22–2901 violation.[2] Thus, the "substantial risk of confrontation" cited in *Custis* as sufficient reason to infer a "potential risk of physical injury" is at least equally present in the instant case. *See also United States v. Thompson*, 891 F.2d 507 (4th Cir. 1989), *cert. denied*, 495 U.S. 922, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990) (South Carolina statute outlawing the pointing of a firearm at a person qualified as a crime of violence under the Sentencing Guidelines); *c.f. United States v. Johnson*, 953 F.2d 110 (4th Cir. 1991), (possession of a firearm by a felon does not evince sufficiently "immediate threat" to constitute a crime of violence).

A similar result was reached by the First Circuit in *United States v. De Jesus*, 984 F.2d 21 (1st Cir.1993). There, the court found that the Massachusetts statute outlawing "larceny from the person" qualified as a "crime of violence" under the Sentencing Guidelines. The First Circuit reasoned soundly that the conduct within the ambit of the statute presented a serious potential risk of physical injury because "the risk of ensuing struggle is omnipresent." *De Jesus*, 984 F.2d at 24. So, too, is it here. And significantly, the Massachusetts statute, like the D.C. statute at issue here, did not require that the property be taken directly from the person of the victim, but only from the "victim's immediate vicinity." *Id.* The *De Jesus* court noted that an earlier First Circuit decision finding that a Tennessee "larceny from the person" statute was a "crime of violence" under the Sentencing Guidelines had apparently placed great weight on the fact that the Tennessee statute required that the property be taken from the person of the victim, not merely from the victim's presence. *See United States v. McVicar*, 907 F.2d 1, 2 (1st Cir.1990). Notwithstanding *McVicar*'s apparent emphasis, *De Jesus* reasoned that theft from the immediate vicinity of the victim posed an equally great risk of confrontation, and consequently that the distinction did "not meaningfully differentiate the two cases." 984 F.2d at 24.

**2.** Section 22–2901 required that property be taken "from the person or immediate actual posses-

The reasoning of *Custis* and *De Jesus* is persuasive. The risk of confrontation resulting from the conduct proscribed by D.C.Code § 22–2901 is great. As a result, it is evident that the potential risk of resulting physical injury is serious. For this reason, the Court concludes that Mobley's two convictions under D.C.Code § 22–2901 qualify as "violent felonies" under 18 U.S.C. § 924(e)(2)(B)(ii). Mobley is therefore subject to the 15 year mandatory minimum term of incarceration provided under § 924(e), which the Court hereby imposes. An appropriate Order has issued.